## KIDD v. RANSOM et al.

*(Circuit Court, N. D. Illinois.   June 30, 1888.)*

1. PATENTS FOR INVENTIONS—DECISION AS TO VALIDITY—STARE DECISIS.
    Letters patent No. 333,862, granted January 5, 1886, to Joshua Kidd, for a "carbureting attachment for gas fixtures," having been held void for want of novelty, by a circuit court in another circuit, this court considers itself bound by its decision.

2. SAME—GAS MACHINE—INFRINGEMENT.
    The claim in letters patent No. 247,925. granted October 4, 1881, to Joshua Kidd, for an "apparatus for enriching gas," of "the combination of a gas-heating chamber provided with a series of channels or corrugations and a disk or partition for causing a circulation of gas through the heater" for the purpose of thoroughly heating the gas so that it will readily vaporize a portion of the hydro-carbon in the carbureter, is not infringed by a similar shell-shaped device through which the gas is made to pass on its way to the carbureter, but which disk contains no corrugations or series of channels.

In Equity.   On bill for injunction.

*Offield & Towle*, for complainant.

*Merrian & Whipple*, for defendants.

BLODGETT, J.   The bill in this case charges infringement of two patents, as follows:   Patent No. 247,925, granted October 4, 1881, to Joshua Kidd, for "an improvement in apparatus for enriching gas;" and patent No. 333,862, granted January 5, 1886, to Joshua Kidd, for a "carbureting attachment for gas fixtures," and seeks an injunction and an accounting by reason of said alleged infringements.   No question is made as to complainant's title to these patents.   Since this suit was commenced, the case of *Kidd* v. *Horry*, 33 Fed. Rep. 712, involving these two patents, has been decided in the United States circuit court for the Eastern district of Pennsylvania, and patent No. 333,862 was there held void for want of novelty; and this court, in obedience to what it considers the true policy of the United States courts in reference to patent cases, considers itself bound by this decision, and no further attention will therefore be given to said patent.

Patent No. 247,925 is stated in the specifications to be for improvements upon the invention covered by the prior patents of Joshua Kidd and James Livesey for an apparatus for enriching gas.   In regard to the patent now in question the inventor says in his specifications:

"Prior to my invention, illuminating gas has been enriched by mingling therewith the heated vapor of naphthaline or other hydro-carbons; and a variety of apparatus have been devised for this purpose, such apparatus consisting usually of a carbureting vessel, the hydro-carbon in which has been heated by the direct heat from non-carbureted gas flames, and by conducted heat from gas burning at a distance from the vessel.   In all of these methods of carbureting gas the whole mass of hydro-carbon in the vessel must be melted or raised to a considerable degree of heat before carburation of the gas takes place.   The object of my invention is to lessen the time required for carburation by causing a current of hot gas to impinge directly upon the surfaces of the hydro-carbon placed in the vessel.   The surface or upper layer, by thus

heating it, begins to vaporize, and mixes with the heated gas long before the entire mass is heated or liquefied."

The patentee then proceeds to describe the apparatus covered by his patent, showing a broad metal disk located directly over two or more burners, so that the heat from such burners will impinge upon the disk, and cause it to be heated. The gas to be carbureted passes into this disk, and through a series of devious and connected passages, so that by the time it has passed through the disk and into the pipe which leads into the carburetor it has become heated to such an extent as to readily vaporize a portion of the hydro-carbon in the carburetor, and from the carburetor the gas is then conducted to the illuminating burners. Infringement is charged only as to the second claim of this patent, which is:

"(2) The combination with the pipes, D, H, of the gas-heating chamber, E, arranged above the burners, and provided with a series of channels or corrugations and a disk or partition, L, for causing a circulation of gas through the heater, substantially as described."

The defenses set up are—*First*, want of novelty; and, *second*, that defendant does not infringe.

The defendant uses a disk located, like the complainant's, over the burners, through which the gas is made to pass on its way to the carburetor; but the defendant's disk contains no corrugations or series of channels such as are described in the complainant's specifications, and it is insisted on the part of the defendant that there is no infringement of this second claim, by reason of the absence of these special channels or corrugations which are set forth in the complainant's specifications and second claim. In *Kidd* v. *Horry*, just referred to, 33 Fed. Rep. 712, that court, after quoting the claim, said:

"This language is plain; nothing whatever is left for construction. The claim is for the combination of the several parts of the peculiar heater described. Of course it covers equivalents, but to say that a heater which does not combine the essential elements of this device is an equivalent, simply because it communicates sufficient heat to fuse the hydro-carbon, is a mistake. The essential parts of the device are the 'chamber, provided with a series of corrugations, and a disk or partition, for causing a circulation of gas through' the chamber."

This judicial construction of the complainant's patent makes the corrugations or channels in the disk or heating chamber an essential element of the combination covered by the second claim; and I fully concur in this construction, because the patentee says, in describing his device:

"The gas from the pipe passes over an extended heating surface before passing to the carbureting vessel, and, as a means of providing such extended heating surface, I arrange above the burners a heater, E, consisting of a metal shell, that can be composed of two disks, e, e, each having a central opening, F, formed through the same, and each being provided upon its inner face with a number of corrugations that form passages so arranged that the gas will flow through the same in order to be thoroughly heated. * * * The opening through the heater, which is formed by these openings, F, in the disks or halves of the heater, is divided into two parts by a thin metal plate or disk that also lies between the two halves of the shell, in order that

the gas·will flow·from the pipe, D, through the opening, F, in the upper part of the heater, thence out to and around the periphery of partition, F', and back through the passages in the lower portion of the heater to the pipe, H. These passages in the heater may be a series of annular corrugations with radial corrugations connecting the same, or each half of the heater can be provided with a spiral corrugation, and numerous radial passages. It will be observed that the intermediate metal partition plate does not close the outer channel adjacent to the meeting rims of the halves of the shell, so that the current of gas from pipe, D, will impinge upon and be split by the partition plate into divided currents flowing outward through the corrugations of the upper half, passing around the periphery of the partition and then back through the corrugations of the lower half to the gas-pipe, H, that connects with the heater, and establishes portions of a pipe connection between the heater and the carbureting vessel."

The claim now in question is for the combination with the pipes of the· gas-heating chamber, E, ·arranged above the burners, and provided with a series of channels or corrugations, and a disk or partition. It will be thus seen that not only does the patentee lay great stress upon the special form of construction which he has shown in the specifications, and which includes these corrugations, but he also claims as one of the elements of the combination, this "heating chamber" "provided with a series of channels or corrugations, and a disk or partition." It is probable, in the light of the proof in this record, that the patentee was mistaken as to the amount of heat which should be imparted to the gas before it entered the carbureter, in order to secure a successful working of his device; and hence he deemed these corrugations by which the gas would be, as he describes it, split by the partition plate into divided currents flowing outwardly through corrugations in the upper half, and then passing around the periphery of the partition, and then back through the corrugations of the lower half to the gas-pipe, essential to the operation of his device, and chose to cover that specific form of construction by his claim. As I have already stated, the defendant uses a shell-shaped device, substantially, so far as the ·exterior form is concerned, like that described in the complainant's patent, and divided by a thin metal partition into two chambers, so that the gas as it enters upon the upper part of the shell will be compelled to pass over the partition or diaphragm of the shell, and through small holes in the periphery, and thence along the lower chamber of the shell in contact with the heated metal, and thereby become heated; but the defendant uses no corrugations. The surfaces of his heating chamber are entirely smooth, and there are no devious channels intended to split up or divide the current of gas into· attenuated streams, and thereby enable it to become more readily heated. And, as the patentee has seen fit to make those corrugations an essential element of his claim, I am compelled to find that the defendant does not infringe.